The Honorable Ben Allen State Senator La Harpe Blvd. Izard Street P.O. Box 2635 Little Rock, AR 72203
Dear Senator Allen:
This is in response to your request for an opinion on the following questions:
 1. Is it permissible, under Amendment 56 to the Arkansas Constitution, for members of the Arkansas General Assembly and the seven elected officers of the executive branch of state government to take as personal income any expense money or funds appropriated by the legislature in addition to and in excess of the salaries set for such officials by Amendment 56?
 2. Also, is it constitutionally permissible for the General Assembly to make such appropriations if the expense money or funds in excess of the established salaries are taken by such officials as personal income rather than as reimbursement for authorized expenses actually incurred by the officials?
You note that by referencing "expense money or funds", you mean any and all monies appropriated by the legislature, in addition to the salaries set by the Constitution, to be paid to members of the General Assembly or the seven elected officials of the executive branch. You state that the term may include, but is not limited to, public relations' funds, home-office expenses, and per diem.
A review of the relevant constitutional and statutory provisions indicates that the required analysis may vary, depending upon the particular expense money or fund in question. An initial distinction must also be made between including expense money or funds as personal income for federal tax purposes, and taking such monies in excess of actual expenses incurred in violation of Amendment 56 to the Arkansas Constitution. Please note that I have enclosed a copy of Attorney General Opinion Number 90-231 which fully addresses this distinction. As noted therein, the required treatment of expense reimbursements as wages under federal tax law will not be determinative for purposes of Amendment 56 to the Arkansas Constitution. Op. No. 90-231 at 7. The question under Amendment 56 is whether, for instance, expenses equaling the amount taken for public relations reimbursements were actually incurred.
It was concluded in Op. No. 90-231, following a review of Amendment 56, the relevant appropriation act, and case law authority, that public relations reimbursements would be unconstitutional if taken without equivalent expenses actually being incurred. Op. No. 90-231 at 7. Thus, in response to your first question, it is my opinion that amounts taken under Act 223 of 1989 in excess of expenses incurred in connection with public relations activities will be violative of Amendment 56.
Thus, while it is my opinion that the current appropriation act for public relations expenses is not unconstitutional on its fact (see Op. No. 90-231 at 8), the application of the appropriation under the facts in a particular case may be subject to challenge. As noted in Op. No. 90-231, this will involve a factual question within the province of the judiciary, the resolution of which will depend upon the circumstances of each case.
With regard to other expense money or funds for the seven constitutional officers, it is my opinion that the Berry v. Gordon analysis will, as a general matter, apply. With regard, however, to members of the General Assembly, reference must be made to Section 3 of Amendment 56. The first part of this section sets the salaries of the members of the General Assembly. The section then states:
 Provided, that no member of the General Assembly shall be entitled to per diem, reimbursement for documented expenses and mileage unless authorized, and within the limitations, as provided by law.
Arkansas Code of 1987 Annotated § 10-2-201 et seq (1987 and Supp. 1989) must then be referenced with regard to the authorized procedures for expense reimbursements. Sections 10-2-212 (1987) and 10-2-213 (Supp. 1989) set forth the expense items which are reimbursable when incurred in the performance of duties and responsibilities connected with or incidental to the duties of the office of a member of the Senate or House of Representatives in performing interim responsibilities." A.C.A. § 10-2-212 (Supp. 1989). Section 10-2-213(a) requires a "signed statement of expenses incurred during each calendar month." In addition to these interim expense allowances, Sections 10-2-214, 10-2-215, and10-2-218 (Supp. 1989) set forth expense allowances for House and Senate members during legislative sessions, and additional allowances for committee chairmen and co-chairmen and the President Pro Tempore of the Senate. Claims must be filed for expense reimbursements under § 10-2-214 (see A.C.A. § 10-2-214(a)(2)(B) (Supp. 1989)a; and Sections 10-2-214 and 10-2-218 state that these allowances are to be paid "in the same manner as provided for the allowances authorized by § 10-2-211 — 10-2-213." Section10-2-213 states that claims for reimbursement shall be filed with the Chief Clerk of the House in the case of House members, and with the Secretary of the Senate in the case of Senate members.
It is thus contemplated that these allowances will be paid as reimbursement for expenses incurred. Taking these expense monies in excess of actual expenses incurred would, in my opinion, be contrary to law. However, filing a claim through the process established under § 10-2-201 et seq. for expenses incurred is clearly permissible.
With regard to per diems, A.C.A. § 10-2-217 (Supp. 1989) authorizes a per diem for members or alternate members of the interim committees defined therein, and for members of the General Assembly who perform other defined interim legislative duties. Subsection (a)(1) states that these persons "shall be entitled to receive per diem in an amount not to exceed seventy-eight dollars ($78.00) for each such day or so much thereof as determined by the Arkansas Legislative Council."
This per diem may be distinguished from expense reimbursements. See Amendment 56. No documentation is required and, as with mileage, it is specifically provided for under Amendment 56 if "authorized" and taken "within the limitations, as provided by law." Ark. Const. Amend. 56, § 3. Amendment 56 itself imposes no limitations. If taken in accordance with § 10-2-217 (Supp. 1989)), the per diem will, in my opinion, be authorized. Whether or not the per diem is properly paid will involve questions of fact in each instance.
In response to your second question, it must be noted that the manner in which an appropriation act is applied will not necessarily be determinative of its constitutionality. The fact that appropriated funds are misspend does not invalidate an otherwise lawful appropriation act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General RF:arb
Unlike the provision that was struck down in Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964), Act 223 of 1989 requires the submission of an invoice stipulating that it is for expenses incurred in public relations activities. Acts 1989, No. 223, § 2. The General Assembly has thus expressed its intent for the payment to be reimbursement for expenses incurred. This is further evidenced by the fact that the warrant drawn shall be in an amount "not to exceed 1/12 of the authorization allocated to each such official. . . ." ID. See generally Laman v. Smith, 252 Ark. 290,478 S.W.2d 741 (1972), citing Berry v. Gordon, supra (ordinances upheld where warrants were to be drawn in an amount "not to exceed one-twelfth of the total amount appropriated." 252 Ark. at 294
(emphasis added).